### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| LUCKY BUCKS HOLDINGS LLC, | ) |
| | ) Case No. 23-10756 (KBO) |
| Debtor. | ) |
| | ) **Hearing Date: TBD** |
| | ) **Objection Deadline: December 26, 2023 at 4:00 p.m. (ET)** |

### APPLICATION OF THE CHAPTER 7 TRUSTEE FOR
### ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT OF
### WHITEFORD TAYLOR & PRESTON AS GENERAL BANKRUPTCY
### <u>COUNSEL TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF NOVEMBER 28, 2023</u>

Marc Abrams, the chapter 7 trustee (the "Trustee") of the bankruptcy estate of the above-captioned debtor, Lucky Bucks Holdings LLC (the "Debtor")[1], files this application (the "Application") pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 2014-1 for entry of an order authorizing him to employ Whiteford Taylor & Preston ("Whiteford")[2], as general bankruptcy counsel, effective as of November 28, 2023.  In support of this Application, the Trustee submits the Declaration of Richard W. Riley (the "Riley Declaration") annexed hereto.  In further support of this Application, the Trustee respectfully states as follows:

### <u>JURISDICTION</u>

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. §

---

[1] The Trustee is Senior Counsel at Whiteford (as hereinafter defined).

[2] Whiteford, Taylor & Preston operates as Whiteford, Taylor & Preston LLC in Delaware and Whiteford Taylor & Preston L.L.P. in jurisdictions outside of Delaware and the term "Whiteford" is intended to refer to both entities and this retention application seeks the retention of both entities.

157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. Pursuant to

Local Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States

Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee consents to the

entry by this Court of a final order in connection with this Application.

      2.      The predicates for the relief requested in this Application are Bankruptcy Code

sections 327(a) and 328, Bankruptcy Rule 2014(a), and Local Rule 2014-1.

## BACKGROUND

      3.      On June 8, 2023 and continuing on June 9, 2023, Lucky Bucks, LLC, Lucky Bucks

HoldCo, and the Debtor each filed petitions in the United States Bankruptcy Court for the District

of Delaware.

      4.      On October 24, 2023, the Court entered the *Order Converting Lucky Bucks*

*Holdings LLC's Case from Chapter 11 to Chapter 7* [Docket No. 5], converting the Debtor's case

to Chapter 7 as of October 24, 2023.

      5.      Jeoffrey Burtch was appointed as the interim trustee of the Debtor's estate.

      6.      At the section 341(a) meeting of creditors held on November 28, 2023, Marc

Abrams was elected as the permanent Trustee.

      7.      The Trustee has determined, subject to this Court's approval, to employ Whiteford

as his general bankruptcy counsel.

## EMPLOYMENT OF WHITEFORD

      8.      The Trustee has determined that he requires the expertise and advice of experienced

bankruptcy counsel to render certain services. The services Whiteford may provide to the Trustee

include:

          a.    Taking all necessary action to protect and preserve the Debtor's estate, including
              (subject to subparagraph 8d. below) the prosecution of actions on the estate's

behalf, the defense of any actions commenced against the estate, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the estate;

b.  Marshaling and effecting an orderly liquidation of the assets of the Debtor's estate under chapter 7 of the Bankruptcy Code;

c.  Preparing on behalf of the Debtor's estate necessary motions, agreements, applications, answers, orders, reports, and papers in connection with the administration and liquidation of the estate;

d.  Acting as Delaware counsel for any special litigation counsel retained by the Trustee; and

e.  Performing such other necessary legal services in connection with this chapter 7 case as requested by the Trustee.

9.    The Trustee believes Whiteford possesses extensive knowledge and expertise in bankruptcy and related law and that Whiteford is well qualified to represent the Trustee in this case and in any related proceedings. Whiteford is a nationally recognized law firm with extensive experience and expertise in bankruptcy and reorganization proceedings, particularly with respect to the representation of debtors, creditors' committees, and chapter 7 trustees.

10.    Whiteford maintains a computerized conflict system which contains, *inter alia*, a record of all present and former clients, parties against whom or whose interests Whiteford has or is representing, and other parties involved in or related to matters in which Whiteford has been or is involved. The parties searched are attached to the Riley Declaration as **Schedule 1**.

11.    Based upon the conflict search and records, and the Riley Declaration, the Trustee believes that Whiteford does not represent and does not hold any interest adverse to the Debtor's estate or its creditors. The Trustee has been advised that Whiteford has no connection with the Debtor, its creditors or other parties in interest in these cases, other than as described in the Riley Declaration filed in conjunction with this Application. Whiteford is a large firm with a national

and regional practice and may represent or may have represented certain of the Debtor's creditors in matters unrelated to this case.

12.     Because of the legal services that may be necessary in this case, and the fact that the nature and extent of such services are not entirely known at this time, the Trustee believes that the employment of Whiteford as counsel is in the best interests of the Debtor's estate.

13.     Whiteford has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the General Orders of this Court and any Order entered by this Court in these cases modifying the timing or procedures applicable to the payment of interim compensation and reimbursement of expenses. Whiteford will bill at its normal hourly rates. The principal attorneys and paralegal designated to represent the Trustee and their current hourly rates are:

| Attorney/Paralegal | 2023 Hourly Rate | 2024 Hourly Rate |
|---|---|---|
| Paul M. Nussbaum-Attorney | $865 | $925 |
| David B. Stratton-Attorney | $950 | $1,015 |
| Richard W. Riley-Attorney | $795 | $850 |
| Alexandra G. Desimone-Attorney | $440 | $485 |
| Christopher Lano-Paralegal | $415 | $455 |

These hourly rates are subject to periodic increase in the normal course of Whiteford's business. The attorneys and paralegal assigned in the case will from time to time vary based upon the needs of the engagement. All such professionals will bill at Whiteford's regular hourly rates for similar cases involving work of this nature. These rates are set at a level designed to fairly compensate Whiteford for the work of its attorneys and paralegal and to cover fixed and routine overhead expenses. It is Whiteford's policy to charge its clients in all areas of practice for all out-of-pocket expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopier toll charges, photocopying charges, travel expenses,

expenses for "working meals," computerized research, as well as non-ordinary expenses such as delivery charges. Whiteford will not charge the estate for any secretarial overtime that may be necessary.

14.     For the foregoing reasons, the Trustee submits the employment of Whiteford as his general bankruptcy counsel is reasonable, appropriate, and in the best interests of the estate and creditors.

**<u>NOTICE</u>**

15.     Notice of this Application has been provided to: (i) the Office of the United States Trustee, (ii) counsel to the PIK Noteholders, (iii) counsel to the OpCo Debtors, and (iv) parties that have requested notice pursuant to Fed. R. Bankr. P. 2002 in these cases. Considering the nature of the relief requested, the Trustee submits no other or further notice is required.

16.     No prior request for the relief sought in this Application has been made to this or any other court.

17.     For the foregoing reasons, the Trustee submits the employment of Whiteford as his general bankruptcy counsel is reasonable, appropriate, and in the best interests of the estate and creditors.

WHEREFORE, the Trustee respectfully requests entry of an order, substantially in the form attached hereto, authorizing him to employ Whiteford as his general bankruptcy counsel in these cases, effective as of November 28, 2023, and granting such other and further relief as may be just and proper.

Dated: December 5, 2023                    /s/ *Marc Abrams*
                                                        MARC ABRAMS
                                                        Chapter 7 Trustee