# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| LUCKY BUCKS HOLDINGS LLC, | ) |
| | ) Case No. 23-10756 (KBO) |
| Debtor. | ) |
| | ) **Hearing Date:** TBD |
| | ) **Objection Deadline: December 29, 2023 at 4:00 p.m. (ET)** |

## APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP AS SPECIAL COUNSEL NUNC PRO TUNC TO NOVEMBER 28, 2023

Marc Abrams, the chapter 7 trustee (the "Trustee") of the estate of the above-captioned debtor, Lucky Bucks Holdings LLC (the "Debtor"), hereby files this application (the "Application") seeking entry of an order, substantially in the proposed form attached hereto as **Exhibit B,** pursuant to sections 327(a) and 328 of title 11 of the United States Code, (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the retention and employment of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel" or "Special Counsel") as special litigation counsel to the Trustee for the investigation, prosecution, and settlement of the Potential Claims (as defined herein) on behalf of the Debtor and its estate *nunc pro tunc* to November 28, 2023. In support of this Application, the Trustee relies upon the *Declaration Of Susheel Kirpalani In Support Of The Trustee's Application For Entry Of An Order Authorizing The Retention And Employment of Quinn Emanuel Urquhart & Sullivan, LLP As Special Counsel Nunc Pro Tunc To November 28, 2023* (the "Kirpalani Declaration"), a copy of which is attached as **Exhibit A**. In further support of the Application, the Trustee respectfully represents as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b), and pursuant to Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory and legal predicates for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

**BACKGROUND**

5. On June 8, 2023 and continuing on June 9, 2023, Lucky Bucks, LLC, Lucky Bucks HoldCo, and the Debtor each filed petitions in the United States Bankruptcy Court for the District of Delaware.

6. On October 24, 2023, the Court entered the *Order Converting Lucky Bucks Holdings LLC's Case From Chapter 11 to Chapter 7* [Docket No. 5], converting the above-captioned case to Chapter 7 as of October 24, 2023.

7. Jeoffrey Burtch was appointed as the interim trustee of the Debtor's estate.

8. At the section 341(a) meeting of creditors held on November 28, 2023, Marc Abrams was elected as the permanent Trustee.

9. On August 9, 2018, the Trustee filed an application for an order authorizing the retention of Whiteford Taylor & Preston ("Whiteford") as counsel to the Trustee *nunc pro tunc* to November 28, 2023 (the "Whiteford Retention Application") [Docket No. 23].

10. Based on the Debtor's Schedules of Assets And Liabilities And Statements Of Financial Affairs [Docket Nos. 14 and 15], the Debtor has no assets other than claims and causes of action against third parties, including, without limitation, Potential Claims (as defined in Quinn Emanuel's Engagement Letter (as hereinafter defined)) and as further described in the *Motion For Entry Of Order Pursuant To Bankruptcy Code Section 105(a) and Bankruptcy Rule 9019 Authorizing And Approving Compromise And Settlement Of Claims* [Case No. 23-10758, Docket No. 16] and the *Declaration of Neal P. Goldman in Support of Motion to Approve Compromise and Settlement of Claims* [Case No. 23-10758, Docket No. 17].

11. The Trustee will investigate whether the Debtor has any other assets.

12. The Trustee, in the exercise of his business judgment and consistent with his fiduciary duties, has determined that he needs to retain special litigation counsel to fully protect and pursue the rights of the Debtor's estate. The Trustee believes that the most efficient way to administer the Debtor's estate is to employ special litigation counsel to prosecute the Potential Claims on behalf of the Debtor's Estate while the Trustee continues to analyze the Debtor's records, review claims, prepare tax returns, locate assets, and conduct the general administration of the liquidation.

13. The Trustee, in the exercise of his business judgment and consistent with his fiduciary duties, has selected Quinn Emanuel as his special litigation counsel. The Trustee

believes that Quinn Emanuel is well qualified for this role for a variety of reasons, including, among others:

    (a) Quinn Emanuel is a large international firm concentrating on both commercial litigation and bankruptcy matters.

    (b) The Trustee has knowledge of the litigation skills of Quinn Emanuel and knows them to be superior in skill, depth, efficiency and results.

    (c) The Trustee understands that Quinn Emanuel has no known conflicts of interest in pursuing the Potential Claims which may be brought.

    (d) The Trustee further understands that Quinn Emanuel is prepared to immediately commence services for the Trustee and that Quinn Emanuel can make sufficient resources immediately available to ensure the aggressive and expeditious investigation and prosecution of the Potential Claims on behalf of the Estate.

14. The Trustee proposes, under section 327(a) of the Bankruptcy Code, to retain Quinn Emanuel, nunc pro tunc to November 28, 2023, to perform the following services:

    (a) providing the full range of legal services in connection with the investigation, commencement and litigation and/or settlement of the Potential Claims; and

    (b) preparing on behalf of the Trustee all necessary motions, orders, applications, complaints, responses, discovery materials, reports, memoranda and papers in connection with the Potential Claims.

15. The Trustee and Quinn Emanuel have agreed on the terms of Quinn Emanuel's retention, which terms are set forth in an engagement letter (the "Engagement Letter") received by

the Trustee from Quinn Emanuel. A true and correct copy of Engagement Letter is attached to the Kirpalani Declaration as Exhibit A.[1] Quinn Emanuel will undertake the investigation, pursuit, and prosecution of such Potential Claims on a contingency fee basis (the "Contingency Fee"). The Contingency Fee will be based on a recovery from the Potential Claims, whether such recovery is by way of settlement, judgment, compromise or otherwise ("Recovery"). The Contingency Fee will be: 25% of the Recovery (after deduction of any costs and expenses incurred by QEU&S in connection with obtaining such Recovery to the extent actually received by the Trustee (by settlement or satisfaction of judgment)) received by the Trustee or estate during the first 12 months following the date of the Engagement Letter; 33% of the Recovery (after deduction of any costs and expenses incurred by Quinn Emanuel in connection with obtaining such Recovery to the extent actually received by the Trustee (by settlement or satisfaction of judgment)) received by the Trustee or estate after the first 12 months following the date of the Engagement Letter or if obtained earlier but there is an appeal that upholds a positive resolution in favor of the estate; provided that the Trustee's compensation will reduce the amount of Quinn Emanuel's fees dollar for dollar and that the foregoing periods shall be suspended for the duration of any litigation stays. All necessary and reasonable expenses related to the services to be rendered by Quinn Emanuel will be paid either directly by the Trustee from assets of the Debtor's estate, including for any experts, or, if advanced by Quinn Emanuel, reimbursed by the Trustee from assets of the Debtor's estate on submission of monthly invoices for same.

16. Allowance and payment of Quinn Emanuel's Contingency Fee and costs and expenses shall be governed by Section 328 of the Bankruptcy Code.

---

[1] This Application summarizes the contingent fee terms in the Engagement Letter and in the event of any conflict between this Application and the Engagement Letter, the Engagement Letter will control.

**BASIS FOR RELIEF**

17.     The Trustee seeks authority to employ and retain Quinn Emanuel as his special litigation counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a trustee is authorized to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

18.     Section 328(a) of the Bankruptcy Code empowers a trustee to employ, subject to court approval, an attorney to perform services for the trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

19.     Given the Trustee's present lack of funding, the time and effort that will be required to investigate, prosecute and/or settle the Potential Claims and the substantial potential value to be realized on the Potential Claims, the retention of Quinn Emanuel pursuant to sections 327(a) and 328(a) under the terms set forth herein and in the Engagement Letter are reasonable and appropriate under the circumstances. The retention of Quinn Emanuel will be beneficial to the administration of the Debtor's estate and will lead to a maximization of assets to the benefit of the Debtor's creditors.

**Disinterestedness and Disclosure of Connections**

20.     Based upon the Kirpalani Declaration, and except as otherwise set forth therein, Quinn Emanuel does not represent any other entity having an adverse interest with this chapter 7 case. To check and clear potential conflicts of interest in this chapter 7 cases, Quinn Emanuel researched its client database to determine whether it had any relationships with the various entities, limited to potential conflicts in its engagement as special counsel (collectively, the

"Searched Parties"). A full list of the Searched Parties searched is attached to the Kirpalani Declaration as Schedule 1.

21. In reliance on the Kirpalani Declaration, the Trustee believes that (a) Quinn Emanuel has no connection with the Debtor, its creditors, the United States Trustee for the District of Delaware (the "U.S. Trustee"), the Bankruptcy Court for the District of Delaware, any person employed in the Office of the U.S. Trustee, except as may be set forth in the Kirpalani Declaration in Schedule 2; (b) Quinn Emanuel is not and has not been an investment banker for any outstanding securities of the Debtor; and (c) Quinn Emanuel neither holds nor represents any interest adverse to the Debtor or to the estate, except as may be set forth in the Kirpalani Declaration. The Trustee's knowledge, information, and belief regarding Quinn Emanuel's disinterestedness as set forth in this Application are based on, and made in reliance upon, the Kirpalani Declaration. Quinn Emanuel will review its files periodically during the pendency of this Chapter 7 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Quinn Emanuel will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

22. Quinn Emanuel is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

23. The employment of Quinn Emanuel as special litigation counsel is critical to these proceedings and is in the best interests of the Debtor's Estate.

24. The Trustee does not have the means to retain counsel under a typical hourly engagement, and retaining Special Counsel under the proposed compensation structure will avoid the Debtor's estate from bearing the risk of the legal fees to be incurred from the investigation,

commencement, and litigation and/or settlement of the Potential Claims. Accordingly, the Trustee submits that the proposed compensation arrangement is fair and reasonable and should be approved.

WHEREFORE, Marc Abrams, Chapter 7 Trustee, respectfully requests that this Court enter an Order (i) approving this Application; (ii) authorizing the employment of Quinn Emanuel Urquhart & Sullivan, LLP as special litigation counsel on a contingent fee basis as set forth in this Application and the Engagement Letter; and (iii) granting such other and further relief as is just and equitable.

Dated: December 8, 2023                   /s/ *Marc Abrams*
                                          MARC ABRAMS
                                          Chapter 7 Trustee